# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **DEISY FIDELINA RIVERA ORTEGA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN, EL PASO SERVICE** | § | |
| **PROCESSING CENTER; MARY DE** | § | |
| **ANDA-YBARRA, FIELD OFFICE** | § | No.  3:26-CV-01121-LS |
| **DIRECTOR, U.S. IMMIGRATION** | § | |
| **AND CUSTOMS ENFORCEMENT;** | § | |
| **TODD LYONS, ACTING DIRECTOR,** | § | |
| **U.S IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; MARKWAYNE** | § | |
| **MULLIN, SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; TODD BLANCHE,** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES; AND JUSTIN** | § | |
| **SIMMONS, U.S. ATTORNEY,** | § | |
| **WESTERN DISTRICT OF TEXAS,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Deisy Fidelina Rivera Ortega moves for a temporary restraining order ("TRO") enjoining Respondents from removing her to El Salvador.[1] The Court has discretion to grant or deny a TRO based on four elements[2]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant;

---

[1] The motion's introduction additionally mentions restraining transfer to another judicial district, but Petitioner does not address that remedy again, include it in her prayer for relief, or raise it in her supplemental TRO motion. Therefore, she has not shown that transfer to another judicial district warrants injunctive relief.

[2] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 only challenges "custody in violation of the Constitution or laws or treaties of the United States."[4] "Federal courts lack jurisdiction over 'claims connected directly and immediately with a "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."'"[5] And "[a] request for stay of removal is a challenge to a removal order."[6] The Court therefore lacks jurisdiction to stay removal and **DENIES** Petitioner's motion for a temporary restraining order [ECF Nos. 3 & 6].

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on April 27, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[4] 28 U.S.C. § 2241(c).

[5] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12].").

[6] *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").